IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JAMES C. PLATTS,

    Petitioner,

v.                                                                             Civil Action No. 1:13cv178
                                                                            (Judge Keeley)

TERRY O'BRIEN, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On August 1, 2013, in a 139-page petition, filed without a motion for leave to file excess pages, the *pro se* petitioner filed an application for Habeas Corpus pursuant to 28 U.S.C. §2241. On August 16, 2013, he paid the required $5.00 filing fee. This matter is pending before me for an initial review and Report and Recommendation pursuant to LP PL P 2.

### II. Procedural History

On February 1, 2011, in the Western District of Pennsylvania, the petitioner was charged in a 6-count superseding indictment with four counts of Mail Fraud, in violation of 18 U.S.C. §1341; one count of Money Laundering, in violation of 18 U.S.C. §1956(a)(1)(A)(i); and one count of Mail Fraud Conspiracy, in violation of 18 U.S.C. §1849, for a scheme of fraudulent activities he engaged in between 2005 – 2007.[1] On October 17, 2011, pursuant to a written plea agreement,[2] petitioner entered a plea to all counts. On April 23, 2012, he was sentenced to a term

---

[1] At the time petitioner committed these acts, he was on probation for a conviction in the Court of Common Pleas of Allegheny County, Pennsylvania, having entered a plea to Theft by Failing to Make Required Disposition of Funds. See Presentence Investigation Report ("PSR"), ¶30 at 10 (W.D. Pa. Dkt.# 121)(2:10cr176). Petitioner was originally indicted on the instant charges in August, 2010, while incarcerated on unrelated federal income tax charges. See Case No. 2:09cv1198, W.D. Pa.. He was released from prison after serving that sentence to begin serving his term of supervised release on October 29, 2010. See PSR, ¶2 at 6 (W.D. Pa.. Dkt.# 121)(2:10cr176).

[2] The plea agreement contained a limited waiver of appellate rights and a waiver of collateral attack rights:

of imprisonment of 46 months on each count, each term to run concurrently; three years of supervised release on each count, to be served concurrently; and along with his co-defendants, directed to jointly and severally make restitution to the victims in the amount of $80,145.95. Petitioner timely appealed. By Order entered January 11, 2013, the Third Circuit Court of Appeals granted the United States' motion to enforce the appellate waiver and granted summary affirmance of the district court's judgment. On February 1, 2013, petitioner moved, out of time, to petition for rehearing *en banc* and before the original panel; the motion was granted. By Order entered April 17, 2013, the petition for *en banc* and panel rehearing was denied. Petitioner then filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on October 7, 2013. Likewise, petitioner's petition for rehearing before the United States Supreme Court was also denied, on January 13, 2014.

On January 10, 2013, while represented by counsel for his then-still-pending direct appeal, petitioner filed a *pro se* motion to vacate pursuant to 28 U.S.C. §2255 and §2241 to Order and Compel Discovery. By Order entered January 13, 2013, the motion was denied for lack of jurisdiction because of the pending appeal.

---

> James C. Platts waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, James C. Platts may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, James C. Platts may take a direct appeal from the sentence.
>
> James C. Platts further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

See ¶5, Exh. C-2, Appellee's Motion to Enforce Appellate Waiver by Summary Action and Request for Stay of Briefing Schedule (4th Cir. July 11, 2012)(12-2327).

On July 1, 2013, also in the sentencing court, petitioner filed a motion to grant leave to recuse the district judge; it was denied by Order entered the following day. On October 29, 2013, he filed a motion requesting discovery; it was likewise denied by Order entered the following day. On November 21, 2013, he filed Motion to Appeal Conviction and Sentence Under 18 U.S.C. §3742. By Order entered December 2, 2013, petitioner was directed to advise the court as to whether he elected to have his motion construed as one pursuant to 28 U.S.C. §2255 or whether it was to be ruled on as filed. Petitioner responded on December 12, 2013, advising that his motion was *not* to be construed as one arising under §2255. Along with his response, he filed a Motion to Compel Copies of Ordered Responses, and a Motion for Reconsideration of the October 30, 2013, Order denying his Motion Requesting Discovery. As of the date of this Report and Recommendation, all of those motions are still pending.

Finally, on January 10, 2014, petitioner filed a Petition for Writ of Mandamus in the Fourth Circuit Court of Appeals, seeking "timely review" of the instant §2241 petition,[3] and again challenging his conviction and sentence in a 35-page petition. That petition is still pending.

### III. Analysis

**A. 28 U.S.C. § 2241**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at

---
[3] (4th Cir. Dkt.# 2)(14-1029).

332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his money laundering and mail fraud convictions and sentences, rather than the means of the execution of his sentences, and seeks to have his convictions "nullified." Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not §2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an adequate or ineffective remedy, and he has improperly filed a § 2241 petition.

**B. 28 U.S.C. § 2255**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[4]

The limitation period shall run from the last of:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[5] or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Where, as here, upon disposition of a direct appeal, a federal prisoner petitions for a writ of *certiorari* with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Therefore, the petitioner's conviction became final on October 7, 2013, the date *certiorari* was denied. Consequently, the petitioner has until

---

[4] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[5] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

October 7, 2014, to file a timely petition pursuant to 28 U.S.C. § 2255. Petition's instant motion under 28 U.S.C. § 2241 was filed on August 1, 2013. Therefore, it might be appropriate to recharacterize the motion as the petitioner's first §2255 motion,[6] upon giving the petitioner proper notice. See Castro v. United States, 540 U.S. 375 (2003). However, a federal prisoner must seek relief under § 2255 from the court which sentenced him. See 28 U.S.C. § 2255. Accordingly, this court does not have the authority to construe the petitioner's § 2241 motion as a § 2255. This can only be done by the U.S. District Court for the Western District of Pennsylvania.

## C. **Petitioner's Abusive Filings with the Federal Courts**

A review of PACER reveals that petitioner has a history of abusively filing non-meritorious cases, repeatedly raising the same arguments that have previously been rejected.

Twenty-Eight U.S.C. §1915(g) provides as follows:

> ***In no event shall a prisoner bring a civil action or appeal a judgment in a civil action*** or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g)(emphasis added).

---

[6] Despite the fact that petitioner has already filed an earlier §2255 petition, under AEDPA, he is not precluded from filing what would be numerically a second. Petitioner's first §2255 motion was prematurely filed while his direct appeal was still pending, thus it was dismissed for lack of jurisdiction. For a petition to be second or successive, "it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." [A]n initial petition will "count" where it has been adjudicated on the merits or dismissed with prejudice." Rivas v. U.S., 2009 U.S. Dist. LEXIS 122011, * 9 - 10 (W.D. NC 2009). "It is settled law that not every numerically second petition is a "second or successive" petition within the meaning of the AEDPA. For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive." In Re: Williams, 444 F.3d 233, 236 (4th Cir. 2006) *quoting* Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000). "Dismissals for want of jurisdiction are paradigms of non-merits adjudication. In such a dismissal, the trial court does not regard the merits of an action. It merely classifies an action, whatever its merits, as one on which the court concerned cannot speak." Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181 (4th Cir. 1989).

6

Commonly known as the "three strikes" rule of the Prison Litigation Reform Act of 1995 [PLRA],[7] the statute abrogates prisoners' entitlement to bring civil actions or appeals *in forma pauperis* after having three or more such actions dismissed as frivolous, malicious or failing to state a claim unless they are in danger of serious physical harm. It does not preclude them from filing such actions and paying the filing fee in full as they initiate them rather than in payments as anticipated by 28 U.S.C. § 1915(b)(1) when they are granted *in forma pauperis* status.

Incident to petitioner's many filings in this court, the sentencing court, and in the Third and Fourth Circuit Courts of Appeals, he has already accrued at least three strikes, one in this district, one in the Western District of Pennsylvania, and an appeal of a dismissal as frivolous, affirmed by the Fourth Circuit on appeal. The Third Circuit Court of Appeals has advised petitioner it is considering imposing sanctions for his behavior.[8]

In addition to post-conviction challenges to petitioner's conviction and sentences by means of a plethora of non-habeas motions filed in both his underlying criminal cases in the sentencing court, a PACER search reveals that since December, 2012, petitioner has filed six separate civil actions in two districts, attacking either his prior conviction and already-served sentence on tax evasion charges, or the conviction and sentences for money laundering and mail fraud challenged in the instant petition. Three of petitioner's civil actions were ostensibly civil

---

[7] The statute does not apply to habeas actions. Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997), *cert. denied*, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d 1036 (1997)("[A]pplying the PLRA to habeas actions would have an inequitable result certainly unintended by Congress: a prisoner who had filed three groundless civil suits might be barred any access to habeas relief.") *quoting from* Chief Judge Posner's opinion in Martin v. United States, 96 F.3d 853, 855 - 56 (7th Cir. 1996).

[8] "The mandamus petition at issue here represents Platts' fifth attempt, and it relies on an argument that we have already rejected, in one form or another, six times . . . Platts is cautioned that, if he persists in raising repetitive arguments, we may consider imposing appropriate sanctions, including an injunction against filing documents without prior leave of court." (3rd Cir. Dkt.# 4 at 1 and 4)(13-4508).

rights cases; two of them earned him his three strikes.[9] The instant case is his second of three §2241 petitions,[10] collaterally attacking his convictions. In addition to the mandamus action filed on January 10, 2014 in the Fourth Circuit regarding the instant §2241 petition, he has filed seven mandamus actions in the Third Circuit, challenging his convictions in both of his underlying criminal cases, or seeking to have the district judges in his underlying criminal cases recused from his post-conviction filings because of their alleged "bias." More recently, presumably because he has filed three §2244 motions in the Third Circuit without success, seeking to "reopen" the §2255 on his tax evasion convictions, petitioner's preferred vehicle for abusive filings in this district appears to be repetitive §2241 habeas motions attacking his convictions, obvious attempts to circumvent the prohibition successive §2255 motions. Because they are habeas motions, they cannot be barred by the PLRA. Petitioner also appears to have a predilection for mandamus actions in the Courts of Appeals.

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED with prejudice.**

---

[9] Petitioner's "civil rights" cases were: 2:12cv1788 (W.D. Pa.), filed on December 12, 2012, attacking his tax evasion conviction; it was **dismissed for failure to state a claim** upon which relief could be granted on September 9, 2013. Petitioner appealed to the Third Circuit; however, the case was dismissed for failure to prosecute when petitioner failed to timely pay the filing fee; and 2:13cv42 (N.D. W.Va.), attacking his tax evasion conviction, filed on June 11, 2013 and **dismissed as frivolous** on September 12, 2013; in the Report and Recommendation issued in that case, petitioner was warned of the Three-Strikes Rule. Despite the warning, petitioner appealed to the Fourth Circuit Court of Appeals, where, on December 24, 2013, this court's **decision was affirmed by unpublished** *per curiam* **opinion "for the reasons stated by the district court."** (4th Cir. Dkt.# 7)(13-7574). Petitioner's remaining civil rights case, 2:13cv803 (W.D. Pa.), also attacking his tax evasion conviction, was filed on June 13, 2013 and dismissed on June 26, 2013 for failure to prosecute, because he did not pay the filing fee.

[10] See 5:13cv61 (N.D. W.Va.), challenging his tax evasion convictions, filed on May 3, 2013 and dismissed as an improperly-filed §2241 petition on September 6, 2013; petitioner appealed to the Fourth Circuit Court of Appeals, and on November 26, 2013, the Fourth Circuit affirmed. (4th Cir. Dkt.#5)(13-7486). Undeterred, petitioner filed a motion for remand, again challenging the convictions in some detail; the motion was deemed moot by Notice entered December 10, 2013. The remaining §2241s are the instant case, challenging his money laundering and mail fraud convictions, filed on August 1, 2013; and 1:13cv257 (N.D. W.Va.), again challenging his tax evasion convictions, filed on December 5, 2013, and still pending.

8

Further, the undersigned recommends that because of the petitioner's continuing abuse of *in forma pauperis* status, the court **ORDER** as follows:

(1) That petitioner be **ENJOINED** from filing any further actions in this district without first paying the required filing fee in full or seeking and obtaining leave from the District Court to file *in forma pauperis*. To receive *in forma pauperis* status in the future, petitioner must demonstrate to the court that he is in imminent danger of serious physical injury.

(2) That in accordance with the pre-filing injunction to be issued against petitioner, the Clerk of the Court be **ORDERED** to refuse any new complaints for filing in a matter from petitioner before obtaining leave by the undersigned Judge.

(3) That leave of Court be forthcoming upon petitioner's demonstration through a properly filed motion that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11.

(4) That the pre-filing injunction imposed shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals; and

(5) that petitioner receives notice that any failure to comply with the court's directive will constitute contempt of court and will subject him to court-ordered sanctions.

**Within fourteen (14) days** after being served with a copy of the Report and Recommendation, **or by February 24, 2014**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the

United States District Judge. **Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S., 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: February 10, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE