IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES C. PLATTS,**

        Petitioner,

v.                      //     CIVIL ACTION NO. 1:13CV178
                                      (Judge Keeley)

**TERRY O'BRIEN,**

        Respondent.

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 15]**

In October 2011, the petitioner, James C. Platts ("Platts"), pled guilty[1] to six counts involving mail fraud, mail fraud conspiracy, and money laundering. The United States District Court for the Western District of Pennsylvania sentenced him to forty-six months of imprisonment on each count, with the terms to run concurrently. The federal Bureau of Prisons designated Platts to serve his sentence at the United States Penitentiary Hazelton ("USP Hazelton") located within the Northern District of West Virginia.

While incarcerated at USP Hazelton, Platts filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, challenging the validity of his convictions and sentence. This is, of course, problematic given that "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." Rice v. Rivera, 617 F.3d

---

[1] As part of his "actual innocence" claim, Platts contends that he never pled guilty. That claim is addressed below.

802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Moreover, this Court cannot construe the petition as if it were filed under § 2255 because § 2255 motions must be filed in "the court which imposed the sentence," § 2255(a), in this case, the Western District of Pennsylvania.

Accordingly, Platts is left with one potential avenue for relief: the so-called "savings clause." The savings clause permits federal prisoners to challenge the legality of their detention under § 2241 when § 2255 provides an "inadequate or ineffective" remedy. § 2255(e); United States v. Poole, 531 F.3d 263, 267 n.6 (4th Cir. 2008). In the Fourth Circuit, a remedy under § 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). As Magistrate Judge Seibert correctly observed in his report and recommendations ("R&R"), "[t]here is nothing in [Platts's] § 2241 petition which demonstrates that he meets the Jones requirements." (Dkt. No. 15 at 5). Therefore, this Court cannot entertain Platts's petition.

Notably, Platts objects to the R&R by reiterating his allegations and emphasizing that his claim is one of "actual innocence."[2] Through a motion to amend his petition, he also injects several new allegations concerning the sentencing court's application of the guidelines. Platts's objections and additional allegations do not alter the fact that a § 2255 motion filed with the sentencing court is not an inadequate or ineffective remedy. Indeed, Magistrate Judge Seibert specifically found no procedural bar to Platts's filing of a § 2255 motion in the sentencing court. (Dkt. No. 15 at 6 n.2); see Bradshaw v. Story, 86 F.3d 164, 165 (10th Cir. 1996) ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (internal quotation marks and citation omitted).

Even if Platts is procedurally barred from filing a § 2255 motion in the Western District of Pennsylvania, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely . . . because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.2 (4th Cir. 1997) (citation omitted). Moreover, proper procedure requires Platts to

---

[2] Platts's actual innocence claim is not cognizable inasmuch as it alleges legal defects in his convictions and sentence rather than factual innocence. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.").

seek certification from the Third Circuit Court of Appeals in order to file a second or successive motion. See § 2255(h). This Court will not usurp the Third Circuit's role by entertaining Platts's actual innocence claim filed under the guise of § 2241, or by construing Platts's petition as a § 2255 motion and transferring it to the Western District of Pennsylvania. See Boyce v. Berkebile, 590 F. App'x 825 (10th Cir. 2015).

Therefore, for the reasons discussed, the Court:

- **ADOPTS IN PART** the R&R to the extent it recommends denying Platts's petition;
- **DECLINES** to enjoin Platts from making in forma pauperis filings in the future, as recommended in the R&R;
- **GRANTS** Platts's motion to amend his petition; and
- **DISMISSES** this case **WITHOUT PREJUDICE**, recognizing that a § 2241 petition might become the appropriate means of redress in the event the remedy provided by § 2255 becomes inadequate or ineffective to test the legality of Platts's detention.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested. The Clerk is further directed to enter

a separate judgment order and to remove this case from the active docket.

DATED: August 4, 2015.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE